1  LAW OFFICES OF KRESSES-PIASECKI
   LEGAL
2  Brandon W. Piasecki
   Brandon@knpvisa.com
3  908 Niagara Falls Blvd. Suite 252
   North Tonawanda, New York 14120
4  Telephone:  (716) 693-4792
   Facsimile:  (716) 693-5254
5
   Attorney for Plaintiff  JAYNE ANDERSON
6



7

8              **UNITED STATES DISTRICT COURT**
9              **WESTERN DISTRICT OF NEW YORK**

10  JAYNE ANDERSON, individually and )   Case No. **11 CV 0793-S**
    on behalf of all others similarly    )
11  situated,                            )   **CLASS ACTION COMPLAINT**
                                         )
12             Plaintiff,                )   **DEMAND FOR JURY TRIAL**
                                         )
13      vs.                              )
                                         )
14  M & T BANK CORPORATION,              )
                                         )
15             Defendant.                )
                                         )
16  _____ )

17      Now comes JAYNE ANDERSON ("Plaintiff"), on behalf of herself and all

18  others similarly situated and alleges as follows:

19                          **INTRODUCTION**

20      1.      Plaintiff brings this action individually and on behalf of all others

21  similarly situated against Defendant M & T BANK CORPORATION alleging

22  violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* and its

23  implementing regulations 12 C.F.R. § 205 *et seq.* (hereinafter referred to

24  collectively as the "EFTA").

25      2.      The Congressional findings and declaration of purpose regarding the

26  EFTA are as follows:

27          (a)      Rights and liabilities undefined

28

                                   -1-

The Congress finds that the use of electronic systems to transfer funds provides the potential for substantial benefits to consumers. However, due to the unique characteristics of such systems, the application of existing consumer protection legislation is unclear, leaving the rights and liabilities of consumers, financial institutions and intermediaries in electronic fund transfers undefined.

     (b)    Purposes

It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems. The primary objective of this subchapter, however, is the provision of individual consumer rights.

15 U.S.C. § 1693.

3.    Among other things, the EFTA imposes certain disclosure requirements upon operators of automated teller machines ("ATMs").

4.    15 U.S.C. § 1693b(d)(3)(A) requires any ATM operator who imposes fees on consumers in connection with electronic fund transfers to provide notice of the fact that the fee is being imposed and the amount of the fee.[1]

5.    15 U.S.C. § 1693b(d)(3)(B) identifies the location where the required notice must be posted as follows:

(B)    Notice requirements

(i)    On the machine

The notice required under clause (i) of subparagraph (A) with respect to any fee described in such paragraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

(ii)    On the screen

The notice required under clauses (i) and (ii) subparagraph (A) with respect to any fee described in such subparagraph shall appear on the

---

[1] "Electronic fund transfer" is defined as "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, direct deposits or withdrawals of funds, and transfers initiated by telephone…." 15 U.S.C. § 1693a(6).

- 2 -

Plaintiff Jayne Anderson's Class Action
Complaint

1  screen of the automated teller machine, or on a paper notice issued
2  form such machine, after the transaction is initiated and before the
   consumer is irrevocably committed to completing the transaction….

3      6.     The relevant implementing regulation, 12 C.F.R. § 205.16(c)

4  reinforces EFTA's statutory posting requirement, mandating that the mandatory fee

5  notice: 1) be posted in a "prominent and conspicuous location" on or at the ATM

6  machine; and  2) "on the screen of the automated teller machine or by providing it

7  on paper, before the consumer is committed to paying the fee."  12 C.F.R. §

8  205.16(c)(1) and (2).

9      7.     15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12

10  C.F.R. 205.16(e), prohibit ATM operators from imposing a fee on a consumer

11  unless EFTA's notice and posting requirements are followed by the ATM operator.

12     8.     Specifically, 15 U.S.C. § 1693b(d)(3)(C) states, in relevant part:

13  (C)  Prohibition on fees not properly disclosed and explicitly assumed by the

14  consumer

15  No fee may be imposed by any automated teller machine operator in
16  connection with any electronic fund transfer initiated by a consumer
    for which a notice is required under subparagraph (A), unless—

17  (i)     The consumer receives such notice in accordance with subparagraph

18  (B)...

19                    **JURISDICTION AND VENUE**

20     9.     This Court has federal question jurisdiction pursuant to 28 U.S.C. §

21  1331 and 15 U.S.C. § 1693 *et. seq.*

22     10.    Plaintiff's claims asserted herein arose in this judicial district and

23  Defendant is the operator of ATMs in this judicial district.

24     11.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and

25  (c) and 1400(a) in that this is the judicial district in which a substantial part of the

26  acts and omissions giving rise to the claims occurred.

27

28

Plaintiff Jayne Anderson's Class Action
Complaint

- 3 -

## PARTIES

12.     Plaintiff, Jayne Anderson, is and at all times relevant hereto was a resident of Niagara County, NY.

13.     Defendant, M & T BANK CORPORATION is headquartered at One M & T Plaza, 12th Floor, Buffalo, NY  14203.

14.     Defendant is an automated teller machine operator, as that term is defined by 12 C.F.R. § 205.16(a) which states: "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which the inquiry is made."

## FACTS RELATED TO PLAINTIFF'S TRANSACTION

15.     Specifically, Plaintiff made a cash withdrawal from Defendant's ATM at the following locations:

(a)     On or about July 18, 2011 Plaintiff made an electronic fund transfer at Defendant's ATM at the Walden Galleria, 1 Walden Galleria Drive, Cheektowaga, NY.  Defendant charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

16.     At the time of the above-described electronic transaction, Plaintiff did not maintain any accounts with Defendant.

17.     However, at the time of the above-described transaction, there was no notice posted "on or at" the ATM operated by Defendant apprising consumers that a fee would be charged for use of the ATM.

18.     Because Defendant did not post the required notice, it was not permitted to charge a usage fee to Plaintiff and other class members.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this class action on behalf of herself and all other similarly situated pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

20.     Plaintiff seeks to represent a class of persons to be defined as follows:

- 4 -

All persons who during the year preceding the filing of Plaintiff's complaint: 1) where charged a "terminal owner fee" at an ATM operated by Defendant when such persons made an electronic fund transfer and/or balance inquiry where, 2) no notice indicating that such fee was to be charged was posted on the outside of the ATM machine.

21.   Numerosity:  The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

22.   Plaintiff is informed and believes, and thereon alleges, that there are at minimum, thousands of members of the class described above.

23.   The exact size of the class and the identities of the individual members thereof are ascertainable through Defendant's records.

24.   Members of the class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

25.   Typicality:  Plaintiff's claims are typical of the claims of the members of the class.  The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful and willful conduct.

26.   Plaintiff and members of the class were each consumers who used an ATM machine operated by Defendant to make an electronic fund transfer or balance inquiry and were charged a terminal owner fee, notwithstanding that the posting providing notice of the fee required by EFTA "on or at" Defendant's terminals was not present.

27.   Common Questions of Fact and Law:  There is a well-defined community of interest and common questions of fact and law affecting members of the class.

Plaintiff Jayne Anderson's Class Action
Complaint

28.   The questions of fact and law common to the class predominate over questions which may affect individual members and include the following:

a.   Whether, under 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. 205.16, Defendant was, at all relevant times, an automated teller machine operator that imposed a fee on consumers for providing host electronic fund transfer services to those consumers;

b.   Whether Defendant complied with the notice requirements of 15 U.S.C. § 1693(d)(3)(B) and 12 C.F.R. 205.16; and,

c.   Whether Plaintiff and members of the class are entitled to statutory damages, costs and/or attorneys' fees for Defendant's acts and conduct.

29.   <u>Adequacy of Representations:</u>  Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class.  Plaintiff has retained counsel who is competent and experienced in the prosecution of class action litigation.

30.   <u>Superiority:</u>  A class action is superior to other available means for the fair and efficient adjudication of the claims of the class.  While the aggregate damages which may be awarded to the members of the class are likely to be substantial, the damages suffered by the individual members of the class are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the class to individually seek redress for the wrongs done to them.  Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the class.  The likelihood of the individual members of the class prosecuting separate claims is remote.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the

Plaintiff Jayne Anderson's Class Action Complaint

1    resources of the parties and the court system, and would protect the rights of each

2    member of the class.  Plaintiff knows of no difficulty to be encountered in the

3    management of this action that would preclude its maintenance as a class action.

4                        **SUBSTANTIVE VIOLATION**

5         31.    15 U.S.C. § 1693b(d)(3)(A) provides that as a prerequisite to

6    imposition of a usage fee upon a consumer for host transfer services, an automated

7    teller machine operator must provide notice to the consumer consistent with

8    subparagraph (B) of that statutory section.

9         32.    Subparagraph (B) of 15 U.S.C. § 1693(d)(3) provides in relevant part:

10        (B)    Notice requirements

11        (i)    On the machine

12            The notice required under clause (i) of subparagraph (A) with respect
              to any fee described in such subparagraph shall be posted in a
13            prominent and conspicuous location on or at the automated teller
              machine at which the electronic fund transfer is initiated by the
14            consumer.

15        33.    In turn, subparagraph (c) of 15 U.S.C. § 1693b(d)(3) states, in relevant

16    part:

17            (C)  Prohibition on fees not properly disclosed and explicitly assumed by the

18    consumer

19            No fee may be imposed by any automated teller machine operator in
              connection with any electronic fund transfer initiated by a consumer
20            for which a notice is required under subparagraph (A), unless—

21            (i)    The consumer receives such notice in accordance with subparagraph

22    (B)...

23        34.    EFTA's statutory notice requirements are reinforced by the

24    implementing regulations set forth at 12 C.F.R. § 205.16.

25        35.    Defendant violated the notice requirements of EFTA in connection

26    with providing host transfer services to Plaintiff and the Class.

27

28

Plaintiff Jayne Anderson's Class Action
Complaint

36.    Defendant was prohibited from imposing any usage fee or similar fee for providing host transfer services because it failed to comply with EFTA's notice requirements.

37.    15 U.S.C. § 1693m provides that Defendant shall be liable to Plaintiff and Class for violations of 15 U.S.C. § 1693 *et seq.* in the amount of, *inter alia*, statutory damages to be determined by the Court, the costs of this action and reasonable attorneys' fees.

38.    Plaintiff seeks the imposition of statutory damages, costs of suit and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the class, prays for:

a.    An order certifying the class and appointing Plaintiff as the representative of the class, and appointing counsel for Plaintiff as counsel for the class;

b.    An award to Plaintiff and the members of the class of statutory damages;

c.    Payment of costs of suit; and,

d.    Payment of reasonably attorneys' fees.

**A TRIAL BY JURY IS DEMANDED.**

Plaintiff Jayne Anderson's Class Action Complaint

1    Dated:   September 20, 2011       Respectfully submitted,

2                               LAW OFFICES OF KRESSES-PIASECKI

3                               LEGAL

4                               By:

5                               BRANDON W. PIASECKI
                               Law Offices of KRESSES-PIASECKI

6                               LEGAL
                               908 Niagara Falls Blvd., Suite 252

7                               Niagara Falls, New York 14120
                               Tel. No. (716) 693-4792

8                               Fax No. (716) 693-5254
                               Email:  brandon@knpvisa.com

9                               Attorney for Plaintiff
                               JAYNE ANDERSON

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -

Plaintiff Jayne Anderson's Class Action
Complaint